UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AIDA PAGAN,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**ARMANDO MEDINA,** *et al.***,**<br><br>       **Defendants.** | Civ. No. 2:13-cv-01850 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

   Plaintiff Aida Pagan brings this action against Pruco Securities, LLC ("Pruco"), Armando Medina, Suri Medina, Edgardo Guevara, and Yamilka Guevara (collectively "Defendants"). This matter comes before the Court on Defendant Pruco's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Pruco's motion to dismiss is **GRANTED**.

**I.   BACKGROUND**

   The following facts are drawn from the Complaint. Plaintiff is an individual residing in Union City, New Jersey. Compl. ¶ 1. Plaintiff was the owner of a retail store in Union City operating under the name "32nd Street News." *Id.* ¶ 11. Defendant Pruco is a Prudential financial services company with offices in Warren, New Jersey. *Id.* ¶ 2. Defendant Edgardo Guevara was an employee of Pruco. *Id.* ¶ 3.

   In April 2011, Plaintiff was introduced to Edgardo Guevara who informed her that he would be able to obtain a $10,000 loan for her through Pruco. Compl. ¶ 4. The Complaint states that sometime "[t]hereafter, plaintiff was introduced to defendant Armando Medina, who extended a loan of $10,000" to her. *Id.* ¶ 6. The "defendants" then "presented plaintiff with a loan agreement which required her to make repayment at a rate far in excess of the legal limit." *Id.* ¶ 7. Plaintiff later borrowed additional funds from Medina, and also received a loan from Edgardo Guevara's wife, defendant Yamilka Guevara. *Id.* ¶ 8. According to the Complaint, each "loan was obtained through Edgardo Guevara, who represented that he was acting in his capacity as an employee of 'Prudential.'" *Id.* ¶ 9.

Over time, "defendants" began demanding "payments from the plaintiff exceeding the legal rate of interest, and continued to demand additional payments." Compl. ¶ 10. In May 2011, "defendants" extorted Plaintiff "by placing her in fear of serious physical injury" and took over the operation of her store. *Id.* ¶¶ 12, 14-15. The "defendants" incurred debt in Plaintiff's name and kept all the profits from the store. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III. DISCUSSION

Plaintiff's Complaint asserts nine causes of action against Defendants (two contract claims, a conversion claim, and six Racketeer Influenced and Corrupt Organizations ("RICO") claims):

(1) Count 1:  Breach of Contract;
(2) Count 2:  Breach of the Covenant of Good Faith and Fair Dealing;
(3) Count 3:  Conversion;
(4) Count 4:  Violations of the Federal RICO Act, 18 U.S.C. § 1962(c);
(5) Count 5:  Violations of the Federal RICO Act, 18 U.S.C. § 1962(b);
(6) Count 6:  Federal RICO Conspiracy;
(7) Count 7:  Violations of the New Jersey RICO Act, N.J.S.A. 2C:41-2(c);
(8) Count 8:  Violations of the New Jersey RICO Act, N.J.S.A. 2C:41-2(b); and
(9) Count 9:  New Jersey RICO Conspiracy.

Pruco has moved to dismiss all nine counts against it. The Court will address the contract claims, followed by the conversion claim, followed by the RICO claims.

### A. Contract Claims (Counts 1-2)

In Count 1, Plaintiff asserts a claim for breach of contract. In Count 2, Plaintiff asserts a similar claim for breach of the covenant of good faith and fair dealing. The Court finds that both counts should be dismissed.

To plead a breach of contract claim in New Jersey, Plaintiff, must allege that (1) there was a contract; (2) that contract was breached; (3) the breach resulted in damages; and (4) the person suing for breach performed his own contractual duties. *Cotter v. Newark Housing Auth.*, 422 Fed. App'x 95, 98 (3d Cir. 2011) (citation omitted). An implied covenant of good faith and fair dealing is present in all contracts governed by New Jersey law. *Emerson Radio Corp. v. Orion Sales, Inc*, 253 F.3d 159, 169-70 (3d Cir. 2001). In this case, Plaintiff failed to plead the most basic element of her contract claims: the existence of a contract. There is no allegation that Plaintiff entered into any contract with Pruco. In fact, in Plaintiff's opposition brief, Plaintiff acknowledges that she never entered a contract with Pruco. *See* Opp. Br. at 2, ECF No. 5 ("the plaintiff concedes that there is no document constituting . . . an actual contract between herself and Pruco."). As a matter of pure logic, a defendant cannot breach a contract if there was no contract to breach. Thus, Plaintiff's contract claims must fail.

Plaintiff's arguments to the contrary are unpersuasive. Without citing a single case in her entire opposition brief, Plaintiff argues that Pruco is liable for breach of contract because Edgardo Guevera had apparent authority to obtain a loan for her. This argument reflects a misunderstanding of the law. Apparent authority exists when "the ***principal's*** actions have misled a third party into believing that the agent has the authority to act on its behalf." *Siemens Fin. Servs., Inc. v. Haband Co., Inc.*, No. A-2738-08T2, 2010 WL 2089802, at *3 (N.J. Super. Ct. App. Div. May 25, 2010) (emphasis added) (holding that an employer was not liable for an employee who accepted illegal kickbacks). In this case, the Complaint alleges that the agent, Edgardo Guevara, misled Plaintiff. The Complaint does not contain a single allegation that the principal, Pruco, misled Plaintiff in any way. Plaintiff also asserts that she is entitled to discovery to find support for her claims. The Court disagrees. Using the magic word "discovery" does not automatically entitle a plaintiff to go on a fishing expedition for anything at all that might give rise to liability. A plaintiff is not entitled to discovery unless and until she sets forth the grounds of her entitlement to relief. She has not done so here.

Accordingly, Counts 1 and 2 are **DISMISSED WITH PREJUDICE** as to Pruco.

### B. Conversion Claim (Count 3)

In Count 3, Plaintiff asserts a claim for conversion. The Court finds that Count 3 should be dismissed. Conversion is "an unauthorized assumption and exercise of the

right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Barco Auto Leasing Corp. v. Holt*, 548 A.2d 1161, 1164-65 (N.J. Super. Ct. App. Div. 1988) (internal quotations omitted). The Complaint does not allege that Pruco took possession of any of Plaintiff's property. Instead, the Complaint lumps all of the Defendants together and merely recites the elements of the cause of action. This is insufficient to survive a motion to dismiss. Accordingly, Count 3 is **DISMISSED WITHOUT PREJUDICE** as to Pruco.

### C. RICO Claims (Counts 4-9)

In Counts 4, 5, 6, 7, 8, and 9, Plaintiff asserts a variety of state and federal civil RICO claims. The Court finds that all of these claims should be dismissed.

In order to state a claim for a RICO violation under federal and New Jersey law, a plaintiff must allege facts showing that there was (1) an enterprise affecting interstate commerce, (2) in which the defendant was associated, (3) in which the defendant participated, (4) through a pattern of racketeering. 18 U.S.C. § 1962(c); N.J.S.A. § 2C:41-2(c); *see also In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 245 (3d Cir. 2012) (the "federal and New Jersey RICO . . . statutes are intended to be coextensive"). To establish a pattern of racketeering, a plaintiff must show that each defendant committed at least two predicate acts of racketeering. *See* 18 U.S.C. § 1961. In this case, Plaintiff has wholly failed to state a RICO claim against Pruco. The Complaint does not identify a single action taken by Pruco. Thus, there are no alleged facts showing that Pruco was associated with an enterprise, that Pruco participated in an enterprise, or that Pruco committed any predicate acts of racketeering. Plaintiff's RICO conspiracy claims fail for the same reason. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient").

Accordingly, Counts 4, 5, 6, 7, 8, and 9 are **DISMISSED WITHOUT PREJUDICE** as to Pruco.

### IV. CONCLUSION

For the reasons stated above, Pruco's motion to dismiss is **GRANTED**. Counts 1 and 2 are **DISMISSED WITH PREJUDICE**. Counts 3, 4, 5, 6, 7, 8, and 9 are **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

      /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 18, 2013**